IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ERIC MORTIMORE, | 8:17CV66 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| BRIGGS AND STRATTON, doing business as Allmand Brothers, ANDREA, HR Manager, CHRIS, Production manager, JOE, Plant manager, and ESSENTIAL PERSONNEL, | |
| Defendants. | |

Plaintiff, Eric Mortimore, filed this case on March 2, 2017, and was granted leave to proceed in forma pauperis on April 18, 2017. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## *I. SUMMARY OF COMPLAINT*

Plaintiff alleges he has a bipolar disorder, a learning disability, and speech impairment. He claims he was discriminated against on the basis of disability or perceived disability when his employment was terminated on December 7, 2016.

## *II. STANDARDS ON INITIAL REVIEW*

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Liberally construing the Complaint, Plaintiff is claiming his employer violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111 to 12117.[1] The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring,

---

[1] Plaintiff checked a box on the standard form complaint to indicate he is bringing an ADA claim. He also stated he is relying on "29 CFR Part 825," which includes regulations pertaining to the Family and Medical Leave Act ("FMLA"), and "Nebraska Revised Statute 25-217," which is a state procedural statute. The FMLA has no apparent application in this case, and § 25-217 clearly does not apply.

advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment that substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).

Even if the court were to assume that Plaintiff is "disabled" within the meaning of the ADA, and that his employer is a "covered entity," there are no facts alleged in the Complaint to show that he was terminated or otherwise discriminated against because of a disability or perceived disability. Plaintiff will be given an opportunity to file an Amended Complaint to set forth facts showing that he was discriminated against in violation of the ADA.

In addition, in order to pursue a claim under the ADA, a plaintiff is required to exhaust administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e–5(f)(1); 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. *Id.*

Plaintiff has not alleged that he filed or charge of discrimination with the NEOC/EEOC or that he received a right-to-sue letter prior to filing suit. If Plaintiff files an Amended Complaint, he must allege facts showing that his administrative remedies have been exhausted, and, preferably, attach a copy of the right-to-sue letter to the Amended Complaint.

Finally, Plaintiff has named several supervisors as defendants. "Neither the Court of Appeals for the Eighth Circuit nor the United States Supreme Court have addressed the issue of whether there is individual liability under Title I of the ADA. However, other Circuit Courts have addressed the issue and found that individual[s] are not personally liable under Title I of the ADA." *Craig v. Wingfield,* No. 4:05CV000791, 2007 WL 1219742, *3 (E.D.Ark. Apr. 25, 2007). *See also Rickert v. Midland Lutheran Coll.*, No. 8:07CV334, 2007 WL 2933229, at *1 (D. Neb. Oct. 5, 2007) (ADA does not provide for individual liability)*; Whaley v. United States,* 82 F.Supp.2d 1060, 1061 n. 1 (D.Neb.2000) (same); *Ways v. City of Lincoln,* No. CV94–3265, 1995 WL 935759, *1 (D.Neb. Mar. 10, 1995) ("[I]t is inconceivable that Congress intended to make individual employees personally liable for employer violations of the ADA [.]") Consequently, Plaintiff's claims against all individual defendants will be dismissed and any Amended Complaint must be brought only against his employer, which Plaintiff has identified as Briggs and Stratton, doing business as Allmand Brothers.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. On its own motion, however, the court will permit Plaintiff to file an Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff's claims against all individual defendants (Andrea, HR Manager; Chris, Production manager; Joe, Plant manager; and Essential Personnel) are dismissed without prejudice and, upon the filing of an Amended Complaint by Plaintiff, the action will proceed only as against the Defendant Briggs and Stratton, doing business as Allmand Brothers.

2. Plaintiff will have 30 days in which to file an Amended Complaint that states a claim upon which relief can be granted.

3. Failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

4. The clerk's office is directed to set a pro se case management deadline using the following text: June 19, 2017: check for amended complaint.

DATED this 17th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge